United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

CHRISTOPHER LEE CRAWFORD,
    Plaintiff,
    v.
SCOTT KERNAN, et al.,
    Defendants.

Case No. 17-cv-03089-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Kern Valley State Prison, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*. Dkt. 13. The operative complaint in this action is the amended complaint, in which Plaintiff alleges constitutional rights violations at Pelican Bay State Prison ("PBSP") where he was previously incarcerated. Dkt. 28 at 1-2.[1]

Plaintiff has also submitted a document entitled, "Motion for Leave to File an Amended Complaint." Dkt. 27. Because Plaintiff had already been granted leave to file an amended complaint, any request for leave to do so is DENIED as moot.

Venue is proper because the events giving rise to the claims are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his amended complaint, Plaintiff has named the following Defendants at PBSP and the California Department of Corrections and Rehabilitation ("CDCR"): CDCR Secretary Scott Kernan; PBSP Captain M. Townsend; PBSP Sergeant Combs; and PBSP Correctional Officers Oviatt and Spradlin. Dkt. 28 at 1-2; Dkt. 27 at 1. Plaintiff seeks declaratory relief and monetary damages. Dkt. 28 at 2-3.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

In the caption of his amended complaint, Plaintiff makes reference to a certain grievance, log no. PBSP 16-1700, in which he allegedly exhausted his administrative remedies as to his claims in this action. *See* Dkt. 21-3 at 79-96 (Pl.'s Ex. N-5 - log no. PBSP 16-1700). However, upon reviewing log no. PBSP 16-1700, the Court notes that grievance was an appeal of the cancelation of another grievance, log no. PBSP 16-1605, which is the actual grievance that contains the same allegations as the instant action. *See id.* at 82, 84; *see also id.* at 89-94 (Pl.'s Ex. N-5 - log no. PBSP 16-1605). The record shows that log no. PBSP 16-1605 was "cancelled because it was construed as a duplicate of an earlier grievance, log no. PBSP 16-00728[2]." *See id.* at 89, 91; *see also* Dkt. 21-3 at 1-19 (Pl.'s Ex. N-1 - log no. PBSP 16-00728). Therefore, the Court has reviewed these related grievances as well as the amended complaint in order to determine the basis of his claims in this action.

---

[2] Upon reviewing log no. PBSP 16-00728, the Court notes the claims raised in that grievance relate to a March 28, 2016 incident involving PBSP Sergeant J. Schrag's refusal to remove Plaintiff from Facility A even though Plaintiff claimed his life was in danger. *See* Dkt. 23-3 at 3, 7, 9. However, at this point in the proceedings, the Court need not make a determination of whether those claims are duplicative of the claims raised in log no. PBSP 16-1605.

2

Plaintiff's claims arise from Defendants' alleged deliberate indifference to his safety needs stemming from an incident on April 13, 2016 in which Defendants Combs and Spradlin were interviewing Plaintiff relating to "his alleged safety concerns" when they "deliberately forced Plaintiff out of his cell" and asked him in front of other inmates whether he wanted to be housed at the Special Needs Yard ("SNY"). Dkt. 28 at 1-2; Dkt. 27 at 2-3; Dkt. 21-3 at 93 (Pl.'s Ex. N-5). Plaintiff claims this "allow[ed] other inmates to think [he] snitched on inmates [in] the A-facility [and] plac[ed] him . . . in jeopardy of being assaulted by general population inmates." Dkt. 27 at 3. In his amended complaint, Plaintiff also alleges that Defendants Oviatt and Townsend took part in "conspiracies to entrap[] [him] [by] deliberately questioning him in front of other general population inmates" regarding his desire to be housed at SNY. Dkt. 28 at 1. Therefore, the Court finds that Plaintiff's amended complaint states a cognizable claim that Defendants Combs, Spradlin, Oviatt, and Townsend were deliberately indifferent to Plaintiff's safety needs.

Finally, Plaintiff names CDCR Secretary, Defendant Kernan, in the caption of his amended complaint, but Plaintiff does not claim that this Defendant personally violated his constitutional rights. Rather, Plaintiff seems to contend that Defendant Kernan is liable based on the conduct of his subordinates—the Defendants named above. Respondeat superior liability is not available under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that the supervisory liability Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, no facts are alleged to establish supervisorial liability on the part of Defendant Kernan. Accordingly, Plaintiff's supervisory liability claim against Defendant Kernan is DISMISSED without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's "Motion for Leave to File an Amended Complaint" is DENIED as moot. Dkt. 27.

2. Plaintiff's supervisory liability claim against Defendant Kernan is DISMISSED without prejudice.

3. Plaintiff's amended complaint states a cognizable claim that Defendants Combs,

1  Spradlin, Oviatt and Townsend were deliberately indifferent to Plaintiff's safety needs.

2      4.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (dkt. 28), and a copy of this Order to the following Defendants at PBSP: **Captain M. Townsend; Sergeant Combs; and Correctional Officers Oviatt and Spradlin.** The Clerk shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    5.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause can be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    5.    Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

        a.    No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be

4

supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the amended complaint, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the amended complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

      d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

      e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.    All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10.    This Order terminates Docket no. 27.

IT IS SO ORDERED.

Dated: January 14, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge

7