UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE CRAWFORD, <br> Plaintiff, <br> v. <br> SCOTT KERNAN, et al., <br> Defendants. | Case No. 17-cv-03089-YGR (PR) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE AMENDED COMPLAINT; AND GRANTING HIM A SECOND EXTENSION OF TIME TO FILE OPPOSITION** |

## I. INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. The operative complaint in this action is the amended complaint, in which Plaintiff alleged constitutional rights violations at Pelican Bay State Prison ("PBSP") where he was previously incarcerated. Dkt. 28 at 1-2. Plaintiff named the following Defendants at PBSP and the California Department of Corrections and Rehabilitation ("CDCR"): CDCR Secretary Scott Kernan; PBSP Captain M. Townsend; PBSP Sergeant Combs; and PBSP Correctional Officers Oviatt and Spradlin. Dkt. 28 at 1-2; Dkt. 27 at 1. Specifically, Plaintiff claims arose from Defendants' alleged deliberate indifference to his safety needs stemming from an incident on April 13, 2016 in which Defendants Combs and Spradlin were interviewing Plaintiff relating to "his alleged safety concerns" when they "deliberately forced Plaintiff out of his cell" and asked him in front of other inmates whether he wanted to be housed at the Special Needs Yard ("SNY"). Dkt. 28 at 1-2. Plaintiff also alleged that Defendants Oviatt and Townsend took part in "conspiracies to entrap[] [him] [by] deliberately questioning him in front of other general population inmates" regarding his desire to be housed at SNY. *Id.* at 1. Plaintiff is seeking declaratory relief and monetary damages. *Id.* at 2-3.

On January 14, 2019, the Court found that Plaintiff's amended complaint stated a cognizable claim that Defendants Combs, Spradlin, Oviatt, and Townsend were deliberately indifferent to Plaintiff's safety needs. Dkt. 31 at 2-3. The Court ordered service of the amended

1  complaint on the aforementioned Defendants, directed them to file a dispositive motion, and set a
2  briefing schedule. *Id.* at 3-7. Meanwhile, the Court dismissed Plaintiff's supervisory liability
3  claim against Defendant Kernan. *Id.* at 3.

Before the Court is Defendants' motion for summary judgment, motion to file under seal confidential investigatory and medical records, and motion to stay discovery. Dkts. 41, 42, 45. To date, Plaintiff has not filed an opposition to Defendants' motion for summary judgment. Plaintiff's opposition was due by October 16, 2019. *See* Dkt. 44. Instead, Plaintiff has filed a motion for leave to supplement the amended complaint as well as a request for a second extension of time to file his opposition to the motion for summary judgment. Dkt. 51. Defendants have filed an opposition to Plaintiff's request to file a supplement to the amended complaint, and a non-opposition to Plaintiff's second extension of time request. Dkt. 52. For the reasons outlined below, the Court DENIES the motion for leave to supplement the amended complaint and GRANTS Plaintiff a second extension of time within which to file an opposition.

## II. DISCUSSION

Plaintiff's proposed 61-page supplemental complaint, with 90 pages of exhibits, asserts multiple new claims against 11 newly named defendants, related to allegations of First Amendment retaliation, Fifth Amendment "due process," Eighth Amendment violations, and defamation, slander, and libel causes of action that allegedly took place while Plaintiff was housed at California State Prison - Sacramento (CSP-Sacramento) in 2018 and 2019. See Dkt. 51-1. All but one of the newly named defendants are employed at CSP-Sacramento, and the other remaining Defendant is former CDCR Secretary Kernan, who as mentioned has been dismissed from the instant action. Dkt. 51-1 at 3-4. The Court notes that in his supplemental complaint, Petitioner does not mention any of the original four named Defendants from PBSP, and none of the new allegations are related to the alleged incident at PBSP.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Ditto v. McCurdy*, 510 F.3d 1070,

1079 (9th Cir. 2007) (citations and internal quotation marks omitted). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. *See California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

Here, the pertinent facts persuade the Court that granting leave to file a supplemental complaint is unwarranted. As an initial matter, Plaintiff unduly delayed in bringing his motion. On January 14, 2019, the Court reviewed the amended complaint, found that Plaintiff had stated a cognizable Eighth Amendment claim, and served the aforementioned Defendants. Dkt. 31. Yet, Plaintiff waited until October 15, 2019 before filing his motion to supplement his amended complaint. This delay suggests bad faith, given that Plaintiff filed his motion after both the deadlines set by the Court had passed for Defendants' dispositive motion and has almost passed for his opposition, which was due one day later on October 16. *Cf. Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (affirming denial of leave to amend where plaintiff delayed in bringing a proposed claim as a tactical matter to avoid the possibility of an adverse summary judgment ruling).

The proposed supplemental complaint also is futile. Plaintiff's claims in his supplemental complaint bear no relationship to his deliberate indifference to safety needs claim against Defendants Combs, Spradlin, Oviatt, and Townsend. Thus, joining the newly-identified parties would be improper. *See* Fed. R. Civ. P. 20(a) (permitting joinder of parties to "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [¶] . . . any question of law or fact common to all plaintiffs will arise in the action."). In any event, Plaintiff complains of various problems during his incarceration at CSP-Sacramento, which is located within the venue of the Eastern District of California. Thus, any claims stemming from events at CSP-Sacramento that Plaintiff is attempting to bring before this Court would not have been filed in the proper venue. Instead, Plaintiff may consider refiling them in a new civil rights action in the United States District Court for the Eastern District of California.

Finally, the Court finds that permitting Plaintiff leave to file the proposed supplemental complaint would by unduly prejudicial to Defendants. Defendants timely filed their motion for

3

summary judgment based on the claims which the Court found cognizable in its Order of Partial Dismissal and Service. To allow Plaintiff to pursue improperly joined claims based on an entirely different set of circumstances at this late stage of the action would undoubtedly be prejudicial, particularly given that the dispositive motion deadline has passed. *Cf. Acri*, 781 F.2d at 1398 (affirming denial of motion for leave to amend on the ground that "allowing amendment would prejudice the [defendant] because of the necessity for further discovery").

The factors germane to Court's exercise of discretion under Rule 15 militate against granting leave to file a supplemental complaint. Accordingly, Plaintiff's motion for leave to supplement the amended complaint is DENIED. Dkt. 51.

As mentioned above, Plaintiff has also filed a request for a second extension of time in which to file his opposition to Defendants' motion for summary judgment. Having read and considered Plaintiff's request, and good cause appearing, Plaintiff's request for a second extension of time is GRANTED. Dkt. 51. The parties are directed to abide by the briefing schedule outlined below. The Court notes that this is the second extension granted to Plaintiff in this case. The granting of regular requests for extensions should not be expected.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for leave to supplement the amended complaint is DENIED, and his request for a second extension of time is GRANTED. Dkt. 51. The time in which Plaintiff may file his opposition to Defendants' motion for summary judgment will be extended up to and including **twenty-eight (28) days** from the date of this Order. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

2. Defendants' motion for summary judgment and the other remaining motions will be resolved in a separate written Order.

3. This Order terminates Docket No. 51.

IT IS SO ORDERED.

Dated: November 22, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge

4