| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| CHRISTOPHER LEE CRAWFORD, <br> Plaintiff, <br> v. <br> SGT. COMBS, et al., <br> Defendants. | Case No. 17-cv-03089-YGR (PR) <br><br> **ORDER GRANTING PLAINTIFF'S RULE 56(D) MOTION; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE; DENYING THEIR MOTION TO STAY DISCOVERY AS PREMATURE; DENYING ALL REMAINING MOTIONS AS MOOT; AND SETTING DISCOVERY AND BRIEFING SCHEDULES** |

## I. INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. The operative complaint in this action is the amended complaint, in which Plaintiff alleged constitutional rights violations at Pelican Bay State Prison ("PBSP") where he was previously incarcerated. Dkt. 28 at 1-2. Plaintiff named the following Defendants at PBSP and the California Department of Corrections and Rehabilitation ("CDCR"): CDCR Secretary Scott Kernan; PBSP Captain M. Townsend; PBSP Sergeant Combs; and PBSP Correctional Officers Oviatt and Spradlin. Dkt. 28 at 1-2; Dkt. 27 at 1. Specifically, Plaintiff claims arose from Defendants' alleged deliberate indifference to his safety needs stemming from an incident on April 13, 2016 in which Defendants Combs and Spradlin were interviewing Plaintiff relating to "his alleged safety concerns" when they "deliberately forced Plaintiff out of his cell" and asked him in front of other inmates whether he wanted to be housed at the Special Needs Yard ("SNY"). Dkt. 28 at 1-2. Plaintiff also alleged that Defendants Oviatt and Townsend took part in "conspiracies to entrap[] [him] [by] deliberately questioning him in front of other general population inmates" regarding his desire to be housed at SNY. *Id.* at 1. Plaintiff is seeking declaratory relief and monetary damages. *Id.* at 2-3.

On January 14, 2019, the Court found that Plaintiff's amended complaint stated a cognizable claim that Defendants Combs, Spradlin, Oviatt, and Townsend were deliberately indifferent to Plaintiff's safety needs. Dkt. 31 at 2-3. The Court ordered service of the amended

complaint on the aforementioned Defendants, directed them to file a dispositive motion, and set a briefing schedule. *Id.* at 3-7. Meanwhile, the Court dismissed Plaintiff's supervisory liability claim against Defendant Kernan. *Id.* at 3.

Before the Court is Defendants' motion for summary judgment, motion to file under seal confidential investigatory and medical records, and motion to stay discovery. Dkts. 41, 42, 45. To date, Plaintiff has not filed an opposition to Defendants' motion for summary judgment. Plaintiff's was directed to file an opposition by January 20, 2020—after being granted three extensions of time to do so. *See* Dkt. 56. Instead, Plaintiff has filed a document entitled, "Memorandum of Points and Authorities in Support of Motion for Continuance." Dkt. 59. The Court will construe Plaintiff's filing as a request under Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"). *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987) (discovery motion was sufficient to raise issue of whether plaintiff was entitled to relief under Fed. R. Civ. P. 56([d]))[1]; *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986) (pending motion to compel discovery was sufficient to raise Rule 56([d]) consideration). In response, Defendants filed a "Response to Plaintiff's Fourth Motion for Extension on Time to Oppose Motion for Summery Judgment," in which they state that they "do not oppose Plaintiff's request for an extension of time." Dkt. 60.

For the reasons outlined below, the Court rules as follows: (1) Plaintiff's Rule 56(d) motion is GRANTED, and the parties shall comply with the discovery and briefing schedules set forth in the Conclusion of this Order; (2) Defendants' motion for summary judgment is DENIED without prejudice to them filing a renewed motion for summary judgment after the parties have conducted discovery, *see* Fed. R. Civ. P. 56(d)(1); (3) Defendants' motion to stay discovery is DENIED as premature; and (4) all remaining pending motions are DENIED as moot.

---

[1] *Garrett* cites to Rule 56(f), the subsection in which the provisions pertaining to a party's inability to present facts essential to justify its opposition formerly were set forth; as of December 1, 2010, the applicable provision is Rule 56(d). *See* Fed. R. Civ. P. 56.

2

## II. DISCUSSION

Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 ( 9th Cir. 1987). In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. *See Garrett*, 818 F.2d at 1518.

The Ninth Circuit has made clear that in cases involving *pro se* prisoners, summary judgment is not favored when discovery requests for relevant evidence are pending. In particular, the Ninth Circuit has noted:

> Under Rule 56(f) [(the predecessor to current Rule 56(d))], the court may postpone ruling on a summary judgment motion where the nonmoving party needs "additional discovery to explore 'facts essential to justify the party's opposition.'" *Crawford-El v. Britton*, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ. Pro. 56(f)). Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs. *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988); *Harris v. Pate*, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence). Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. *Klingele*, 849 F.2d at 412.

*Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (parallel citations omitted and brackets added).

Here, Defendants have filed a motion for summary judgment. It seems that Plaintiff claims that he has not been able to obtain evidence from Defendants that may be relevant to opposing their motion and proving his claims, and thus he claims that he is "unable to adequately respond to the Defendants' motion for summary judgment." Dkt. 59 at 2. Plaintiff therefore requests a continuance to conduct discovery, *see id.*, and Defendants do not oppose Plaintiff's

3

request, *see* dkt. 60 at 1.  Under such circumstances, the Court finds it proper to allow Plaintiff to conduct discovery before opposing Defendants' motion for summary judgment.[2]

Accordingly, Plaintiff's Rule 56(d) motion is GRANTED, and Defendants' motion for summary judgment is DENIED.  Dkts. 41, 59.  The denial of Defendants' motion for summary judgment is without prejudice to them filing a renewed motion for summary judgment after the parties have conducted discovery.  *See* Fed. R. Civ. P. 56(d)(1).  Defendants' motion to stay discovery is DENIED as premature, and all remaining pending motions are DENIED as moot.  Dkt. 42, 45.  The Court also informs the parties that any motion to compel filed prior to the parties meeting and conferring about any discovery disputes will be denied without prejudice as premature.[3]  The parties shall comply with the discovery and briefing schedules set forth below.

## III. CONCLUSION

For the reasons stated above, the Court orders as follows:

1.       Plaintiff's Rule 56(d) motion is GRANTED, and the parties shall comply with the discovery and briefing schedules below.  Dkt. 59.

2.       Defendants' motion for summary judgment is DENIED without prejudice.  Dkt. 41.

---

[2] Plaintiff is advised that a district court may consider only admissible evidence in ruling on a motion for summary judgment.  *See* Fed. R. Civ. P. 56(c); *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).  Such evidence may include a sworn affidavit or declaration that is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant or declarant is competent to testify on the matters stated.  Fed. R. Civ. P. 56(c)(4).  A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence.  *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge); *see also Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (treating allegations in prisoner's verified amended complaint as opposing affidavit).

[3] The district court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses, which normally are exchanged between the parties without any copy sent to the court.  *See* Fed. R. Civ. P. 5(d).  Before filing any motion to compel discovery, the parties must make a good faith effort to meet and confer to attempt to resolve any discovery dispute, as is required by Civil Local Rule 37-1.  When a party is incarcerated, the parties may meet and confer via written communication.

4

3. Defendants' motion to stay discovery is DENIED as premature, and all remaining pending motions are DENIED as moot. Dkts. 42, 45.

4. The Court ORDERS the parties to abide by this discovery schedule outlined below:

a. Plaintiff should serve Defendants with a copy of his discovery demands, requesting all of the relevant aforementioned documents, no later than **twenty-eight (28) days** from the date of this Order.

b. Defendants should serve their responses and/or objections to Plaintiff's discovery demands no later than **forty-five (45) days** from the date of this Order.

c. If Defendants do not properly respond or object to Plaintiff's discovery demand, and Plaintiff has met and conferred with Defendants to no avail, then Plaintiff may move to compel discovery no later than **sixty (60) days** from the date of this Order.

d. Plaintiff and Defendants shall file separate status reports showing the progress so far and the expected future activities in this case. The status report shall indicate (1) what discovery has been done, (2) what discovery remains to be done, (3) how much time is needed to complete discovery, (4) whether any dispositive motions will be filed or whether the instant motion for summary judgment will be renewed, (5) whether any non-dispositive motions are contemplated, and (6) when the parties will be ready for trial, if necessary. The status reports shall be filed and served no later than **twenty-eight (28) days** from the date of this Order.

e. In order to expedite the resolution of this case, the Court directs the parties to abide by this briefing schedule as follows:

1) Within **ninety (90) days** from the date of this Order, Defendants may file a renewed motion for summary judgment.

2) Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what

5

you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014)

(overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. As mentioned, such evidence may include sworn declarations (statements of fact within the personal knowledge of the person making the statement, with an affirmation that the contents of the statement are true, signed under penalty of perjury) from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration, *see* Fed. R. Evid. 901(b)(1), or by other appropriate means, *see* Fed. R. Evid. 901-03. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his amended complaint.

      3) Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

      4) The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail

7

directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

7. This Order terminates Docket Nos. 41, 42, 45, and 59.

IT IS SO ORDERED.

Dated: March 4, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge